UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
NICHOLAS FRANZE & GEORGE SCHRUFER, JR.
on behalf of themselves and all other           Case No. 7:17-cv-03556 (NSR)(JCM)
employees similarly situated,

         Plaintiffs,

 -against-

BIMBO FOODS BAKERIES DISTRIBUTION, LLC,
F/K/A BIMBO FOODS BAKERIES DISTRIBUTION,
INC., F/K/A GEORGE WESTON BAKERIES
DISTRIBUTION, INC.,

         Defendants.
----------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS

  Plaintiffs Nicholas Franze and George Schrufer ("Plaintiffs") respectfully submit this memorandum of law in support of their motion to dismiss the counterclaims (the "Counterclaims") asserted by defendants Bimbo Foods Bakeries Distribution, LLC and Bimbo Bakeries USA, Inc. ("Defendants") against Plaintiffs.

## INTRODUCTION

  This is a class and collective action against Defendants for failure to pay overtime in violation of the Fair Labor Standards Act (the "FLSA"), and for unlawful deductions from wages in violation of the New York Labor Law (the "NYLL"). Plaintiffs and similarly-situated distributors (the "Distributors") are bakery product delivery drivers who Defendants have misclassified as independent contractors pursuant to a policy which Defendants admit was in large part to shift the "cost associated with [running Defendants' business onto] the independent contractor[,] It wasn't on the company anymore," (Croce Dep. 41:9-12) which is in direct contravention of the NYLL's purpose. *See Karic v. Major Auto. Cos. Inc.*, 992 F. Supp. 2d 196, 202 (E.D.N.Y. 2014) ("The purpose of § 193 is to prohibit employers from making unauthorized

1

deductions from wages [and therefore] to place the risk of loss for such things as damaged, spoiled merchandise, or lost profits on the [employee].").

Seeking to insulate themselves from liability, Defendants bring an unjust enrichment claim against Plaintiffs alleging that, if Plaintiffs are declared to be employees, then Plaintiffs should reimburse Defendants.

Defendants' Counterclaims are meritless and must be dismissed. *First*, Defendants' qausi-contractual unjust enrichment claims fail because Defendants allege the existence of a valid contract between the parties. *See Curtis Props. Corp. v. Greif Cos.*, 236 A.D.2d 237, 239, 653 N.Y.S.2d 569 (1997) ("[t]he general rule is that the existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi contract for events arising out of the same subject matter").

*Second*, Defendants do not allege any mistake of fact or law, and their allegations make clear on their face that Plaintiffs performed under the contracts. Thus, Defendants' claims should be dismissed pursuant to the voluntary payment doctrine, which "bars recovery of payments voluntarily made with full knowledge of the facts, in the absence of fraud or mistake of material fact or law." *DRMAK Realty LLC v. Progressive Credit Union*, 133 A.D.3d 401, 403, 18 N.Y.S.3d 618, 621 (N.Y. App. Div. 2015).

Defendants' unjust enrichment claim—which is nothing more than a half-hearted attempt to obtain a setoff against their own misclassification of Plaintiffs—flies in the face of the remedial purpose underlying both the FLSA and the NYLL. Indeed, the only "injustice" Defendants appear to allege here "is triggered by a determination that Defendant owes Plaintiffs compensation for unlawful deductions and related penalties." *Cordova v. FedEx Ground Package Sys., Inc.*, 104 F. Supp. 3d 1119, 1134 (D. Or. 2015).

For all the foregoing reasons, and those further stated below, Defendants' Counterclaims should be dismissed.

## FACTUAL BACKGROUND

This is a class and collective action against Defendants that alleges Defendants have misclassified Plaintiffs and the Distributors as independent contractors. As a result of this misclassification, Plaintiffs are required to be responsible for all of the expenses of running Defendants' business including purchasing their own delivery trucks, purchasing the right to work for Defendants in the form of a "route," and also are not paid overtime for hours worked over 40 in a work week. Plaintiffs allege that requiring Plaintiffs to pay the costs of Defendants' business constitutes unlawful deductions in violation of NYLL Section 193, and failure to pay overtime is a violation of the FLSA, 29 U.S.C. Section 207.

On April 23 and 30, 2018, Defendants filed their answers to Plaintiffs' Third Amended Complaint. Docket Nos. 52, 54.[1] In their answers, Defendants bring identical Counterclaims against Plaintiffs for unjust enrichment.

Defendants allege that they entered into two kinds of contracts with Plaintiffs. First, Defendants allege that they entered into distributor agreements (the "Distributor Agreements") whereby Plaintiffs agreed to deliver bakery products for Defendants. Second, Defendants allege that they entered into advertising agreements (the "Advertising Agreements") with Plaintiffs whereby Plaintiffs wore clothing that advertises Defendants' products in exchange for a payment of $70 per week.

Defendants do not allege that they made any mistake of fact or law in entering into the agreements with Plaintiff. Nor do Defendants allege that Plaintiffs breached the agreements. Rather, Defendants allege that Plaintiffs performed under the Distributor Agreement. BFBD Counterclaim ¶¶11, 14. Defendants also allege that Plaintiffs performed under their Advertising Agreements. BFBD Counterclaim ¶¶24, 29.

---

[1] Because Defendants' Counterclaims are identical, Plaintiffs will cite only to BFBD's Counterclaim, Docket No. 54, for purposes of efficiency.

Nonetheless, Defendants allege that the agreements are premised on Plaintiffs being independent contractors rather than employees. Defendants seek refunds from Plaintiffs for the services they performed under the Advertising Agreements on this basis, and also seek some or all of the "profits" Plaintiff Schrufer earned when he sold his "business," which he had been operating continuously under his original distribution agreement from 1996, for $71,000. Counterclaim ¶¶10, 42.

Defendants attach the contracts to their answers. Declaration of Melissa C. Rodriguez, Docket No. 52-1 Exhs. A-D. Notably, the Distributor Agreements have a provision stating that, if any provision of the agreements is declared invalid by a court, the rest of the agreement remains in full effect. Rodriguez Dec. Exhs. A, B ¶11.9. Defendants allege, in a wholly conclusory manner, that it is the "essence" of the Distributor Agreements that Plaintiffs are independent contractors. Counterclaim ¶¶8, 15. Defendants do not allege why that is, other than for the apparent purpose of shifting business costs to Plaintiffs and denying them the benefits of working overtime.

## ARGUMENT

**A.    Legal Standard**

"A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint." *Radiancy, Inc. v. Viatek Consumer Prod. Grp., Inc.*, 138 F. Supp. 3d 303, 313 (S.D.N.Y. 2014) (Román, J.).

On a motion to dismiss under Rule 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556

4

U.S. at 678, 129 S.Ct. 1937. "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

"Ultimately, determining whether a complaint states a facially plausible claim upon which relief may be granted is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Radiancy,* 138 F. Supp. 3d at 314.

**B.    Defendants' Unjust Enrichment Claim Should Be Dismissed Because Defendants Allege The Existence Of A Valid Contract And Did Not Make Any Payments Under A Mistake Of Law Or Fact**

Defendants' unjust enrichment claim fails because (1) Defendants allege that there are multiple contracts between the parties and (2) Defendants paid Plaintiffs voluntarily, free from any mistake of fact or law, and thus the "voluntary payment doctrine" bars their claims.

It is settled law that "the existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi contract for events arising out of the same subject matter." *Curtis Props. Corp.*, 236 A.D.2d at 239; *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388, 516 N.E.2d 190 (1987) (affirming dismissal of quasi-contract claim where the parties had a written contract). Courts have held that the "theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates *in the absence of* any agreement." *Narayanan v. Sutherland Glob. Holdings, Inc.*, No. 15-CV-6165 T, 2018 WL 2234884, at *18 (W.D.N.Y. May 16, 2018) (italics added).

Here, Defendants plainly allege that they entered into valid contracts with Plaintiffs and they have submitted those alleged contracts as exhibits to the Rodriguez Declaration. Thus, "the subject matter of [the Counterclaim for unjust enrichment] is governed by multiple valid and enforceable written contracts" and should be dismissed. *Narayanan*, 2018 WL 2234884, at *18 (granting summary judgment).

5

Defendants allege in conclusory fashion that Plaintiffs' status as independent contractors is the "essence" of the agreements. To the extent Defendants are attempting to invalidate the contracts they drafted to support their unjust enrichment claim, there is no grounds to do so. Instead, the Distribution Agreements have clauses stating that, if any provision of the agreements is declared invalid by a court, the rest of the agreement remains in full effect. Rodriguez Dec. Exhs. A, B ¶11.9.

The Counterclaims also fail because Defendants do not allege that they made any payment to Plaintiffs under a mistake of fact or law, and thus their claims are subject to the "voluntary payment doctrine" which "bars recovery of payments voluntarily made with full knowledge of the facts, in the absence of fraud or mistake of material fact or law." *DRMAK Realty LLC*, 133 A.D.3d 401 at *403.

Defendants allege that they were fully aware of all of the facts and received the benefits they contracted for with Plaintiffs. Defendants allege that they entered into Distribution Agreements and Advertising Agreements with Plaintiffs, that Plaintiffs performed under those agreements since 1996 (Schrufer) and 2010 (Franze), and that Defendants continued to pay Plaintiffs for their performance through 2017 (Schrufer) and the present (Franze). Defendants have not given any reason why they should receive a refund for the services they received. *Dillon v. U-A Columbia Cablevision of Westchester, Inc.*, 292 A.D.2d 25, 27, 740 N.Y.S.2d 396, 398 (2002) (plaintiff who paid late fee pursuant to contract had "full knowledge of the late fee and the circumstances under which it would be imposed" and thus could not defeat voluntary payment doctrine).

To the extent Defendants claim they made a mistake of law—which their allegations do not expressly state—the only hint of mistake appears to be their own classification of the Distributors as independent contractors. However, a party cannot invalidate a contract for its failure to understand "the legal consequences of the contract into which the parties are entering."

6

*Cobalt Multifamily Inv'rs I, LLC v. Bridge Capital (USVI), LLC*, No. 06 CIV. 5738 KMW MHD, 2007 WL 2584926, at *9 (S.D.N.Y. Sept. 7, 2007).

Although New York CPLR 3005 modifies "the voluntary payment doctrine by statute, giving courts the discretion to allow recovery in situations where a payment was made under mistake of law" (*Wurtz v. Rawlings Co., LLC*, No. 12-CV-1182(JMA)(AKT), 2016 WL 7174674, at *5 (E.D.N.Y. Nov. 17, 2016) (citing CPLR 3005)), courts have rarely allowed claims for mistakes of law. Indeed, "[a]t least one New York trial court has recognized that recovery of payments made under a mistake of law is most appropriate where a party made affirmative misrepresentations concerning the law [which Defendants cannot plausibly allege that Plaintiffs did here] and that resort to CPLR 3005 may be misplaced in other circumstances." *Wurtz*, 2016 WL 7174674, at *5; *Gonzalez v. Green*, 14 Misc. 3d 641, 831 N.Y.S.2d 856, 861 (Sup. Ct. 2006) ("As long as the mistake has not been induced by the other party's misrepresentations [, a claim for mistake of law] may be misplaced."); *Jossel v. Meyers*, 212 A.D.2d 55, 57 (1st Dep't 1995) ("It is no accident that much of the case law on CPLR 3005 ... involve[s] examples of its non-application.").

Defendants are sophisticated companies and they have not alleged that Plaintiffs made any misrepresentations to them about the legal consequences of entering into their contracts.

### C. Defendants Do Not And Cannot Allege An Injustice

Defendants' Counterclaim appears to be nothing more than an attempt to obtain reimbursement from Plaintiffs for their own violations of the FLSA and the NYLL including their scheme to shift the "cost associated with [running Defendants' business to] the independent contractor." (Croce Dep. 41:9-12).

There simply cannot be an injustice—which is required to state a claim for unjust enrichment[2]—when the sole purported harm to Defendants "is triggered by a determination that Defendant[s] owe[] Plaintiffs compensation for [their own] unlawful deductions and related penalties." *Cordova*, 104 F. Supp. 3d at *1134 (dismissing third party complaint against FedEx contractors).

Here Defendants admit that their "Counterclaims are contingent upon this Court's ultimate finding that Plaintiffs were misclassified" and thus the Counterclaims are *de facto* insurance against their own liability. Docket No. 61 at 1.

Defendants' claim that Plaintiffs were unjustly enriched by Defendants' own misclassification would stand the NYLL and the FLSA on their head and "amount to an indemnification claim for the damages Defendant may owe to Plaintiffs." *Cordova*, 104 F. Supp. 3d at 1134; *Karic*, 992 F. Supp. 2d at 202 ("[t]he purpose of [NYLL] § 193 is to prohibit employers from making unauthorized deductions from wages [and therefore] to place the risk of loss for such things as damaged, spoiled merchandise, or lost profits on the employer."); *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 742 (5th Cir. 2010) (district court erred in applying setoff to FLSA claims; "[w]e continue to look with disfavor on set-offs unless the money being set-off can be considered wages that the employer pre-paid to the plaintiff-employee").

## CONCLUSION

For all the foregoing reasons, Defendants' Counterclaims should be dismissed with prejudice.

---

[2] "The basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004).

Dated: June 22, 2018　　　　　　　　　　　Respectfully submitted,
　　　　　Chestnut Ridge, New York

　　　　　　　　　　　　　　　　　　　　　*s/ Randy J. Perlmutter*
　　　　　　　　　　　　　　　　　　　　　Randy J. Perlmutter
　　　　　　　　　　　　　　　　　　　　　KANTROWITZ, GOLDHAMER
　　　　　　　　　　　　　　　　　　　　　& GRAIFMAN, P.C.
　　　　　　　　　　　　　　　　　　　　　747 Chestnut Ridge Road, Suite 200
　　　　　　　　　　　　　　　　　　　　　Chestnut Ridge, New York 10977
　　　　　　　　　　　　　　　　　　　　　Tel:  845-356-2570, Fax: 845-356-4335
　　　　　　　　　　　　　　　　　　　　　rperlmutter@kgglaw.com

　　　　　　　　　　　　　　　　　　　　　Orin Kurtz
　　　　　　　　　　　　　　　　　　　　　GARDY & NOTIS, LLP
　　　　　　　　　　　　　　　　　　　　　126 East 56th Street, 8th Floor
　　　　　　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　　　　　　Tel: 212-905-0509, Fax: 212-905-0508
　　　　　　　　　　　　　　　　　　　　　okurtz@gardylaw.com

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*