UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nicholas Franze & George Schrufer, Jr., Individually and On Behalf of All Others Similarly Situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>BIMBO FOODS BAKERIES DISTRIBUTION, LLC et al.<br><br>   Defendants. | Case No. 7:17-cv-03556-NSR |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................1

II. FACTUAL ALLEGATIONS .................................................................................2

III. ARGUMENT ..........................................................................................................4

    A. Plaintiffs Face A High Standard In Moving To Dismiss........................................4

    B. Defendants' Unjust Enrichment Counterclaims Are Not Precluded By The Distribution Agreements Because Defendants Have Adequately Alleged That The Counterclaims Are Alternative, Contingent Claims ..............................5

    C. Defendants Adequately Plead Counterclaims For Unjust Enrichment That Are Not Barred By The Voluntary Payment Doctrine ...........................................8

    D. Defendants' Unjust Enrichment Counterclaims Adequately Allege That Plaintiffs' Retention Of Benefits Under The Distribution Agreements They Now Repudiate Would Constitute An Unjust Enrichment .........................10

IV. CONCLUSION ....................................................................................................12

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*AFP Mfg. Corp. v. AFP Imaging Corp.*,
  No. 17-CV-03292 (NSR), 2018 WL 3329859 (S.D.N.Y. July 6, 2018) .................................5

*Baker v. Groupware Int'l, Inc.*,
  No. 807CV1564T23EAJ, 2008 WL 1820694 (M.D. Fla. Apr. 22, 2008) ..............................12

*CCM Rochester, Inc. v. Federated Inv'rs, Inc.*,
  No. 14-CV-3600 (VEC), 2014 WL 6674480 (S.D.N.Y. Nov. 25, 2014) ................................4

*Chao v. Akron Insulation & Supply, Inc.*,
  No. 5:04-CV-0443, 2005 WL 1075067 (N.D. Ohio May 5, 2005), aff'd, 184
  F. App'x 508 (6th Cir. 2006) .................................................................................................7

*Cordova v. FedEx Ground Package Sys., Inc.*,
  104 F. Supp. 3d 1119 (D. Or. 2015) .....................................................................................11

*Eidelman v. Sun Prod. Corp.*,
  No. 16-CV-3914 (NSR), 2017 WL 4277187 (S.D.N.Y. Sept. 25, 2017) ..............................10

*Fly Shoes s.r.l. v. Bettye Muller Designs Inc.*,
  No. 14 CIV. 10078 LLS, 2015 WL 4092392 (S.D.N.Y. July 6, 2015) ...............................6, 7

*Gao v. JPMorgan Chase & Co.*,
  No. 14 Civ. 4281, 2015 WL 3606308 (S.D.N.Y. June 9, 2015) .............................................6

*Kirby McInerney & Squire, LLP v. Hall Charne Burce & Olson, S.C.*,
  15 A.D.3d 233, 790 N.Y.S.2d 84 (2005) ................................................................................9

*McFeeley v. Jackson St. Entm't, LLC*,
  No. CIV.A. DKC 12-1019, 2012 WL 5928769 (D. Md. Nov. 26, 2012) .............................11

*Purjes v. Plausteiner*,
  No. 15-CV-2515 (VEC), 2016 WL 552959 (S.D.N.Y. Feb. 10, 2016) ..............................4, 5

*Rothstein v. Mahne*,
  No. 15-CV-3236 (VEC), 2015 WL 6828061 (S.D.N.Y. Nov. 5, 2015) ..................................4

*Ruffin v. Entm't of the E. Panhandle*,
  845 F. Supp. 2d 762 (N.D.W. Va. 2011) .........................................................................11, 12

*Segovia v. Vitamin Shoppe, Inc.*,
  No. 14-CV-7061 (NSR), 2016 WL 8650462 (S.D.N.Y. Feb. 5, 2016) .................................10

*Spagnola v. Chubb Corp.*,
  574 F.3d 64 (2d Cir. 2009) ................................................................................................8, 10

*Stone v. Sutton View Capital, LLC*,
    No. 17-CV-1574 (VEC), 2017 WL 6311692 (S.D.N.Y. Dec. 8, 2017) ...................................... 6

*Thompson v. 1715 Northside Drive, Inc.*,
    No. 1:14-cv-00390-RWS (N.D. Ga. Mar. 30, 2015), ECF No. 94 ............................................. 7

*Trodale Holdings LLC v. Bristol Healthcare Inv'rs L.P.*,
    No. 16 CIV. 4254 (KPF), 2018 WL 2980325 (S.D.N.Y. June 14, 2018) ................................. 4

*Tutt v. Centex Home Equity Co., LLC*,
    No. 1:04-CV-3527-MHS, 2005 WL 8155144 (N.D. Ga. June 1, 2005) ................................. 12

*Vire v. Entergy Operations, Inc.*,
    No. 4:15-CV-00214 BSM, 2016 WL 10575139 (E.D. Ark. Oct. 31, 2016) ........................ 7, 10

*Zapata v. Flowers Foods, Inc.*,
    No. 4:16-CV-676, 2016 WL 8738349 (S.D. Tex. Dec. 19, 2016) .......................................... 11

**STATUTES**

Fair Labor Standards Act ............................................................................................................passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(d)(3) ................................................................................................................... 5

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 4

**I.     INTRODUCTION**

Plaintiffs are current and former independent contractors who contend that Defendants Bimbo Foods Bakeries Distribution, LLC ("BFBD") and Bimbo Bakeries USA, Inc. ("BBUSA") (collectively, "Defendants") misclassified them in violation of the Fair Labor Standards Act and related state laws.  Contrary to the express representations in their contracts, Plaintiffs now claim that they and the other independent contractors they seek to represent are actually employees to whom Defendants owe unpaid overtime wages and other damages.  Defendants disagree and will be seeking summary judgment on contractor status, among other defenses.  In the event that Plaintiffs are found to be employees, however, Defendants filed counterclaims for unjust enrichment (the "Counterclaims") to recover the value of benefits Plaintiffs would never have received as employees including, for example, the revenue they generated by buying then selling BFBD products to their customers, the profits they generated from their sales of distribution rights, and the revenue generated from commercial advertising agreements with BFBD.

Despite the contingent nature of the Counterclaims, Plaintiffs prematurely ask this Court to dismiss Defendants' counterclaims so that they can pursue overtime wages as alleged employees while purporting to retain the significant benefits they derived solely from their independent contractor classification.  In other words, Plaintiffs want the benefits of both classifications.  Defendants merely seek recompense for the windfall Plaintiffs would otherwise receive if this Court ultimately rules that they were misclassified as independent contractors.

As set forth below, Plaintiffs' motion to dismiss the Counterclaims fails for several reasons.  First, Defendants' unjust enrichment theory is not barred by Plaintiffs' contracts because it is pleaded as an alternative non-contract form of relief in the event that this Court concludes that Plaintiffs are employees and/or renders the contracts void.  Second, Defendants have adequately pled that the benefits Plaintiffs received pursuant to their agreements were paid

solely on the basis of Plaintiff's factual misrepresentation of their contractor status, and the voluntary payment doctrine does not bar their claims at this stage.  Finally, Defendants have adequately pled all elements required to state an unjust enrichment claim.

## II.    FACTUAL ALLEGATIONS

Plaintiffs Franze and Schrufer purchased the right to sell certain bakery products within a defined geographic territory and each entered into a Distribution Agreement[1] with BFBD[2] to do so, thereby becoming independent contract distributors or what are commonly referred to in the industry as Independent Operators ("IOs").  Dkt. 52, Counterclaim ¶¶ 9, 10, 15; Dkt. 56, Counterclaim ¶¶ 6, 7, 12.[3]  Plaintiffs expressly acknowledge in the Distribution Agreements their intent "to create an independent contractor relationship" with BFBD and that it is "the essence of th[e] Agreement"[4] that each Plaintiff "is an independent contractor for all purposes."  Dkt. 52, Counterclaim ¶¶ 11, 18; Dkt. 56, Counterclaim ¶¶ 8, 15.  Plaintiffs thus acknowledged their rights to operate their independent contractor businesses as they saw fit, bearing all risks and costs of operation and simultaneously repudiating any "claim [] to any benefits or other compensation" paid to employees.  Dkt. 52, Counterclaim ¶¶ 11, 12, 18, 19; Dkt. 56, Counterclaim ¶¶ 8, 9, 15, 16.  Thus, by entering the Distribution Agreements and accepting the

---

[1]    Hereinafter referred to as the "Franze Agreement" and "Schrufer Agreement," respectively and the "Distribution Agreements," collectively.

[2]    Plaintiff Franze originally purchased his distribution rights from The Charles Freihofer Sales Company, Inc., which is the other party to his Distribution Agreement; the Franze Distribution Agreement was later assigned to BFBD.  *See* Dkt. 52, Counterclaim ¶¶ 9, 10; Dkt. 56, Counterclaim ¶¶ 6, 7.

[3]    Defendants filed their nearly identical counterclaims in their respective answers to Plaintiffs' Third Amended Complaint.  For ease of reference, citations to the counter claim allegations in each document are to the docket entry for each (Dkt. 52 for BBUSA's counterclaim and Dkt. 56 for BFBD's counterclaim).

[4]    In their Memorandum of Law in Support of Plaintiffs' Motion to Dismiss Counterclaims (the "Motion" or "Plaintiff's Motion"), Plaintiffs ignore or overlook that it was not Defendants who alleged "in conclusory fashion" that Plaintiffs' status as independent contractors is the "essence" of the Distribution and Advertising agreements.  Instead, it is *Plaintiffs* who expressly made that representation in their Distribution Agreements.  Defendants' Counterclaims merely repeat Plaintiffs' representation in this regard.

benefits associated with them, Plaintiffs acknowledged and agreed to the financial arrangement set forth therein.  Dkt. 52, Counterclaim ¶¶ 35, 36; Dkt. 56, Counterclaim ¶¶ 32, 33.

Taking advantage of their independent contractor status, Plaintiffs profited from the operation of their distribution businesses in several ways that would have been unavailable to them as employees.  For example, Plaintiffs profited on the sale of bakery products purchased from BFBD and then sold to Plaintiffs' customers at a higher price.  Dkt. 52, Counterclaim ¶¶ 14, 20; Dkt. 56, Counterclaim ¶¶ 11, 17.  Second, they entered into Advertising Agreements (not available to employees) pursuant to which BFBD pays Plaintiffs to advertise on Plaintiffs' clothing and vehicles.  Dkt. 52, Counterclaim ¶¶ 21-33; Dkt. 56, Counterclaim ¶¶ 18-30.  Additionally, they profited by selling their distribution rights, as Plaintiff Schrufer did on July 16, 2017 for $71,914.00.  Dkt. 52, Counterclaim ¶ 13; Dkt. 56, Counterclaim ¶ 10.  Had Plaintiffs been employees rather than contractors, as they now contend, none of the foregoing revenue would have been available to them.  Instead, it would have been retained by Defendants, who would have sold their own products, would not have paid Plaintiffs for advertising, and would have owned the distribution rights sold by Plaintiff Schrufer.  Dkt. 52, Counterclaim ¶¶ 28, 33, 41, 42, 45; Dkt. 56, Counterclaim ¶¶ 25, 30, 38, 39, 42.

If Plaintiffs are deemed to be entitled to the benefits of employee status and simultaneously permitted to retain the earnings they received as a result of their independent contractor status, they will have been unjustly enriched at Defendants' expense.   Dkt. 52, Counterclaim ¶¶ 40-45; Dkt. 56, Counterclaim ¶¶ 37-42.  As Defendants allege, equity and good conscience require the value of these benefits to be returned to them.   Dkt. 52, Counterclaim ¶ 45; Dkt. 56, Counterclaim ¶ 42.

### III.     ARGUMENT

#### A.     Plaintiffs Face A High Standard In Moving To Dismiss.

"A motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) is subject to the same standard as a motion to dismiss a complaint." *See Trodale Holdings LLC v. Bristol Healthcare Inv'rs L.P.*, No. 16 CIV. 4254 (KPF), 2018 WL 2980325, at *3 (S.D.N.Y. June 14, 2018).  "In evaluating a motion to dismiss, the Court must accept the well-pleaded allegations of the Complaint as true and draw all inferences in the non-moving party's favor." *CCM Rochester, Inc. v. Federated Inv'rs, Inc.*, No. 14-CV-3600 (VEC), 2014 WL 6674480, at *1 (S.D.N.Y. Nov. 25, 2014).  "To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a [counterclaim] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rothstein v. Mahne*, No. 15-CV-3236 (VEC), 2015 WL 6828061, at *2 (S.D.N.Y. Nov. 5, 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal quotations omitted).

Importantly, "[p]lausibility . . . is not certainty," *CCM Rochester, Inc.*, 2014 WL 6674480 at *1, and a "[counter]claim has facial plausibility when the [counterclaim plaintiff] pleads factual content that allows the court to draw the reasonable inference that the [counterclaim defendant] is liable for the misconduct alleged." *Rothstein*, 2015 WL 6828061 at *2 (quoting *Iqbal*, 556 U.S. at 678); *Purjes v. Plausteiner*, No. 15-CV-2515 (VEC), 2016 WL 552959, at *7 (S.D.N.Y. Feb. 10, 2016) (stating that at dismissal stage, a counterclaim need not "contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level") (quoting *Keiler v. Harlequin Enters., Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014) (internal quotations omitted)).  Indeed, "[a]t this stage, dismissal is appropriate only [if the movant] can prove no set of facts . . . that would entitle [the non-movant] to relief."

*Id.* (quoting *Meyer v. JinkoSolar Holdings Co., Ltd.*, 761 F.3d 245, 249 (2d Cir. 2014) (internal quotations omitted)).

> **B.  Defendants' Unjust Enrichment Counterclaims Are Not Precluded By The Distribution Agreements Because Defendants Have Adequately Alleged That The Counterclaims Are Alternative, Contingent Claims.**

Plaintiffs contend that Defendants' counterclaims for unjust enrichment should be dismissed because Defendants alleged the existence of contracts between the parties.  Motion at 5.  The general rule stated by Plaintiffs is irrelevant here because Defendants have properly pled their unjust enrichment counterclaim as an *alternative claim* contingent upon any determination by this Court that Plaintiffs should have been classified as employees (which Defendants dispute).  Despite Defendants' having alerted Plaintiffs to the contingent nature of the Counterclaims in their May 17, 2018 pre-motion letter (Dkt. 61), Plaintiffs' Motion nevertheless fails to address the point.

Defendants are entitled at the pleadings stage to "state as many separate claims or defenses as [they have], regardless of consistency."  *See* Fed. R. Civ. P. 8(d)(3).   In acknowledging the permissive and liberal pleading standards of Rule 8, **this Court has specifically held that a party "may . . . plead unjust enrichment in the alternative" and that the claim "may survive a motion to dismiss" when the party also "challenges the contract's validity,"** provided the claim does not duplicate the party's other claims.  *See AFP Mfg. Corp. v. AFP Imaging Corp.*, No. 17-CV-03292 (NSR), 2018 WL 3329859, at *11 (S.D.N.Y. July 6, 2018) (Roman, J.).  Defendants satisfy all of these requirements:  the Counterclaims do not duplicate any other claims, they are pled as an alternative theory in this litigation, and Defendants challenge the validity of the Distribution Agreements in the event Plaintiffs are determined to have been employees.

This Court endorsed this approach in *Gao v. JPMorgan Chase & Co.*, No. 14 Civ. 4281, 2015 WL 3606308, at *5 (S.D.N.Y. June 9, 2015). There, the Court rejected the argument that plaintiff's unjust enrichment claim was barred by existence of the written contract upon which plaintiff was also pursuing a breach of contract claim because the claims were pled in the alternative. The court explained that "if the validity or enforceability of a contract is in doubt or uncertain, claims of unjust enrichment may survive a motion to dismiss." *Id.* (internal citations and quotations omitted). As such, if the Court "later determine[d] the contract unenforceable, [it] could then consider in the alternative a claim for unjust enrichment." *Id.* The Court refused to determine the enforceability of the contract at the pleadings stage and denied the motion to dismiss the unjust enrichment claim. *Id.* The same result is warranted here.

As another basis to deny the Motion, alternative and even inconsistent theories are generally permitted where, as here, the legal nature of a claimant's right to recovery and its opponent's liability are contingent on facts or circumstances not yet known to the parties. *Stone v. Sutton View Capital, LLC*, No. 17-CV-1574 (VEC), 2017 WL 6311692, at *5 (S.D.N.Y. Dec. 8, 2017) ("That the Defendants previously made arguments based on the written advisory agreement does not estop them from pleading legitimate, alternative arguments when the facts are unsettled and the controlling agreement is in doubt."); *Fly Shoes s.r.l. v. Bettye Muller Designs Inc.*, No. 14 CIV. 10078 LLS, 2015 WL 4092392, at *6 (S.D.N.Y. July 6, 2015) (denying motion to dismiss unjust enrichment claim when plaintiff alleged that its "unjust enrichment claim [was] made in the alternative to the claim for breach of contract, to the extent that the Court might find that [plaintiff] did not have contracts with [defendant]"). This is precisely the case here. Defendants contend that the Court's anticipated decision regarding independent contractor status will impact the validity of the contracts through which Plaintiffs

received monetary benefits at Defendants' expense that would not have been available to them as alleged employees.

Courts have reasoned in exactly this manner in the context of FLSA claims. In *Vire v. Entergy Operations, Inc.*, plaintiffs sought overtime wages under the FLSA based on misclassification. *Entergy Ops., Inc.*, No. 4:15-CV-00214 BSM, 2016 WL 10575139, at *6-7 (E.D. Ark. Oct. 31, 2016). The Court denied plaintiffs' demand for summary judgment on defendant's unjust enrichment counterclaim to recover bonuses paid to plaintiffs to which only exempt employees were entitled. *Id.* The Court agreed with defendant that, in light of the fact that plaintiffs "now claim[e]d they were always non-exempt employees," they were ineligible to receive the bonuses in the first place and their retention of them would be unjust. *Id.* at *7. It did not matter that plaintiffs "did not affirmatively hold themselves out as exempt employees" so long as they "received something of value that they were not entitled to receive." *Id.*

Similarly, in *Thompson v. 1715 Northside Drive*, plaintiff sought to recover damages under the FLSA on the theory that defendant had misclassified them as independent contractors. Order on Mot. to Dismiss at 1-3, *Thompson v. 1715 Northside Drive, Inc.*, No. 1:14-cv-00390-RWS (N.D. Ga. Mar. 30, 2015), ECF No. 94. Defendant filed a counterclaim for unjust enrichment to recover amounts to which it claimed plaintiffs would not be entitled had they been classified as employees. *Id.* The Court declined to dismiss the counterclaim, reasoning that a determination that plaintiffs were employees would be tantamount to a ruling that their independent contractor agreements were therefore void. *Id.* at 11. *Compare Chao v. Akron Insulation & Supply, Inc.*, No. 5:04-CV-0443, 2005 WL 1075067, at *12 (N.D. Ohio May 5, 2005), aff'd, 184 F. App'x 508 (6th Cir. 2006) (stating that if collective bargaining agreements with employees conflicted with the FSLA so as to exclude payment of travel time, such

agreements would be invalid) (citing *Brock v. City of Cincinnati*, 236 F.3d 793, 808–09 (6th Cir. 2001) ("if the parties' agreement . . . violated the [employees'] established FLSA rights, the courts cannot enforce it regardless of its reasonableness")).

Defendants' unjust enrichment counterclaims are properly pled as alternative claims contingent upon subsequent rulings from this Court. As such, Defendants' allegations concerning the existence and validity of the Distribution and Advertising Agreements do not preclude the counterclaims.

### C. Defendants Adequately Plead Counterclaims For Unjust Enrichment That Are Not Barred By The Voluntary Payment Doctrine.

Plaintiffs next argue that New York's "voluntary payment" doctrine requires the dismissal of Defendants' Counterclaims insofar as it "bars recovery of payments voluntarily made with full knowledge of the facts, in the absence of fraud or mistake of material fact or law." Motion at 6. Plaintiffs' argument fails for multiple, independent reasons.

First, Plaintiffs incorrectly argue that Defendants' Counterclaims fail because they do not allege facts to overcome the voluntary payment doctrine. Specifically, Plaintiffs assert that "Defendants d[id] not allege that they made any mistake of fact or law in entering into the [Distribution and Advertising Agreements] with Plaintiff[s]." Motion at 3, 6. **The Second Circuit has expressly rejected this argument, explaining definitively that Defendants are "not required to preemptively plead facts refuting the voluntary payment doctrine."** *Spagnola v. Chubb Corp.*, 574 F.3d 64, 73 (2d Cir. 2009) (citing *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (not required to include facts in complaint in anticipation of affirmative defense)). As such, the voluntary payment doctrine does not bar Defendants' Counterclaims at this stage.

Second, although Defendants were not required preemptively to allege facts to overcome

the voluntary payment doctrine, Plaintiffs are incorrect in arguing that Defendants failed to do so. Indeed, Plaintiffs' Motion falsely states that "Defendants do not allege any mistake of fact or law" and that "Defendants allege that they were fully aware of all of the facts and received the benefits they contracted for with Plaintiffs" (Motion at 2, 6). Plaintiffs make these assertions without any supporting citation whatsoever. It is troubling that Plaintiffs' Motion perpetuates this false assertion despite Defendants having comprehensively addressed it in their May 17, 2018 letter to the Court. Dkt. 61. As explained therein, the Counterclaims unequivocally allege that Defendants relied to their detriment on Plaintiffs' factual representations acknowledging their independent contractor status, including those representations in the Distribution Agreements.

Turning to the allegations of the Counterclaims, Defendants have unequivocally alleged that the payments and other benefits Plaintiffs received from Defendants were made on the basis of Defendants' mistaken reliance on Plaintiffs' representations of their independent contractor status (which Plaintiffs now disclaim) in their Distribution Agreements. Dkt. 52, Counterclaim ¶¶ 28-45; Dkt. 56, Counterclaim ¶¶ 25-42. Absent Plaintiffs' representations, Defendants allege that Plaintiffs would not have been entitled to or received these payments or benefits, the value of which Defendants would have retained for themselves. Dkt. 52, Counterclaim ¶¶ 40-45; Dkt. 56, Counterclaim ¶¶ 37-42. These allegations articulate precisely the mistake of fact the voluntary payment doctrine requires. *See, e.g., Kirby McInerney & Squire, LLP v. Hall Charne Burce & Olson, S.C.,* 15 A.D.3d 233, 790 N.Y.S.2d 84, 85 (2005) (affirming denial of motion to dismiss unjust enrichment claim because voluntary payment doctrine does not apply where payments were made on basis of mistake of fact).

As set forth fully in the Defendants' May 17, 2018 letter, at least one court has adopted

-9-

this reasoning in similar circumstances. It is telling that Plaintiffs' Motion nevertheless ignores this decision entirely. As the court in *Entergy Operations, Inc.* explained, that defendant made bonus payments to plaintiffs voluntarily "under the misunderstanding" of their [FLSA] exempt-status was "not fatal to [its] unjust enrichment claim," where "mistake" was an exception to the "general rule" that "payments that are voluntarily made cannot be recovered." *Entergy Ops., Inc.*, 2016 WL 10575139, at *6-7. Here, too, Defendants' allegations are sufficient at the pleadings stage to survive dismissal. *See Spagnola*, 574 F.3d at 73 (denying motion to dismiss claim on basis of voluntary payment doctrine where all reasonable inferences had to be drawn in claimant's favor).

### D. Defendants' Unjust Enrichment Counterclaims Adequately Allege That Plaintiffs' Retention Of Benefits Under The Distribution Agreements They Now Repudiate Would Constitute An Unjust Enrichment.

Plaintiffs final argument appears to be that Defendants' unjust enrichment claim fails because Defendants did not allege "an injustice." Motion at 7-8. As an initial matter, "injustice" is not even an element of an unjust enrichment claim under New York law. Instead, Defendants were required to plead that (1) the Plaintiffs were enriched (2) at Defendants' expense and (3) that equity and good conscience require the Plaintiffs to make restitution. *Eidelman v. Sun Prod. Corp.*, No. 16-CV-3914 (NSR), 2017 WL 4277187, at *6 (S.D.N.Y. Sept. 25, 2017) (Roman, J.); *Segovia v. Vitamin Shoppe, Inc.*, No. 14-CV-7061 (NSR), 2016 WL 8650462, at *10 (S.D.N.Y. Feb. 5, 2016) (holding that unjust enrichment claim could not be dismissed where plaintiff alleged that defendant was enriched at plaintiff's expense and that it would be against equity and good conscience to permit defendant to retain the benefit received). Defendants have done so, and Plaintiffs' contrary arguments fail to demonstrate otherwise.

Specifically, Plaintiffs do not argue that Defendants' allegations fail to state the elements of this claim, which clearly they do. *See* Dkt. 52, Counterclaim ¶¶ 40-45; Dkt. 56, Counterclaim ¶¶

37-42. Plaintiffs argue instead that they disagree with Defendants' theory of the claim because "there simply cannot be an injustice" where Defendants' claim depends on a determination that Defendants misclassified Plaintiffs under the FLSA. To that end, Plaintiffs rely heavily on the readily distinguishable decision from Oregon in *Cordova v. FedEx Ground Package Sys., Inc.*, F. Supp. 3d 1119 (D. Or. 2015). There, defendant's unjust enrichment claim filed against a third-party defendant was dismissed because defendant did not seek to recoup benefits allegedly paid to and unjustly retained by the third-party. Instead, it sought payment from the third-party in the event that defendant was determined to be liable to Plaintiffs. The court ruled that this was a claim for indemnity against the third-party, not unjust enrichment by the third-party, and thus dismissed the claims. By contrast, Defendants here seek the return of benefits received and retained by Plaintiffs directly at Defendants' expense. *See McFeeley v. Jackson St. Entm't, LLC*, No. CIV.A. DKC 12-1019, 2012 WL 5928769, at *2-4 (D. Md. Nov. 26, 2012) (in FLSA case, holding that unjust enrichment counterclaim seeking return of benefits received by plaintiffs in connection with independent contractor status is not improper claim for indemnity); *Ruffin v. Entm't of the E. Panhandle*, 845 F. Supp. 2d 762, 766-69 (N.D.W. Va. 2011) (same). There is no indemnity claim and thus the *Cordova* decision is irrelevant to the Motion.

Finally, to the extent Plaintiffs assert that Defendants' Counterclaims are a supposedly improper attempt to obtain a "setoff" to Plaintiffs' FLSA claims (Motion at 8), Defendants fully addressed this argument in their May 17, 2018 pre-motion letter (Dkt. 61). As discussed in Defendants' letter, courts have routinely permitted counterclaims, including those for unjust enrichment, that practically operate as setoffs to FLSA claims. *See Zapata v. Flowers Foods, Inc.*, No. 4:16-CV-676, 2016 WL 8738349, at *1 (S.D. Tex. Dec. 19, 2016); *McFeeley v. Jackson St. Entm't, LLC*, No. CIV.A. DKC 12-1019, 2012 WL 5928769, at *2-4 (D. Md. Nov. 26, 2012);

*Ruffin v. Entm't of the E. Panhandle*, 845 F. Supp. 2d 762, 766-69 (N.D.W. Va. 2011); *Baker v. Groupware Int'l, Inc.*, No. 807CV1564T23EAJ, 2008 WL 1820694, at *1 (M.D. Fla. Apr. 22, 2008); *Tutt v. Centex Home Equity Co., LLC*, No. 1:04-CV-3527-MHS, 2005 WL 8155144, at *1-2 (N.D. Ga. June 1, 2005).  Plaintiffs' Motion notably fails to address these decisions previously brought to Plaintiffs' attention and Plaintiffs' argument on this point should be rejected.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be denied.

Dated: July 30, 2018

Respectfully submitted,
MORGAN, LEWIS & BOCKIUS LLP
By: */s/ Melissa Rodriguez*
Melissa C. Rodriguez
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6394
Facsimile: (212) 309-6001
melissa.rodriguez@morganlewis.com

Michael J. Puma
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5305
Facsimile: (215) 963-50001
michael.puma@morganlewis.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I, Melissa C. Rodriguez, hereby certify that on July 30, 2018, a true and correct copy of Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Dismiss Counterclaims was served by email and U.S. mail on the following

Gary Steven Graifman, Esq.
Reginald H Rutishauser, Esq.
Randy J. Perlmutter, Esq.
Kantrowitz Goldhamer & Graifman, P.C.
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
Telephone: 845-356-2570
Facsimile: 845-356-4335

Orin Robert Kurtz, Esq.
Gardy & Notis, LLP
Tower 56
126 East 56th Street
New York, NY 10022
Telephone: 212-905-0509
Facsimile: 212-905-0508

*/s/ Melissa C. Rodriguez*
Melissa C. Rodriguez