UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/15/2019

NICHOLAS FRANZE & GEORGE SCHRUFER, JR.
on behalf of themselves and all other
employees similarly situated,

                                        Plaintiffs,

        -against-

BIMBO FOODS BAKERIES DISTRIBUTION, LLC,
F/K/A BIMBO FOODS BAKERIES
DISTRIBUTION,
INC., F/K/A GEORGE WESTON BAKERIES
DISTRIBUTION, INC.,

                                        Defendants.

7:17-cv-03556(NSR)(JCM)
OPINION & ORDER

NELSON S. ROMÁN, District Court Judge

        Defendant Bimbo Foods Bakeries Distribution, LLC ("BFBD") asserts a counterclaim of

unjust enrichment against Plaintiffs Nicholas Franze & George Schruffer ("Distributors") to

recover revenue Defendant alleges Plaintiffs would keep as employees.  Presently before the

Court is Plaintiffs' motion to dismiss Defendants' unjust enrichment claim pursuant to Fed. R.

Civ. P. 12(b)(6). (ECF No. 79.)  For the following reasons, Plaintiffs' motion is DENIED.

## BACKGROUND

        This is a class action that alleges BFBD has misclassified Nicholas Franze, George

Schruffer, and other Distributors as "independent contractors" rather than as "employees"; as

employees they are owed unpaid overtime and other damages. (Third Am. Compl. ¶ 1 ECF No.

46.)  Plaintiffs allege, *inter alia*, that requiring them to pay the costs of BFBD's business

constitutes unlawful deductions in violation of NYLL § 193, and failure to pay overtime is a

violation of the FLSA, 29 U.S.C. § 207. *Id.* ¶¶ 1-2.  BFBD in turn brings a counterclaim against

Franze and Schruffer for unjust enrichment; this is the claim currently before the Court. (Defs.'

1

Bimbo Bakeries USA, Inc.'s Answers & Defenses to Pls.' Third Am. Class and Collective Action Compl. and Countercl. ¶¶ 39-45, ECF No. 52.)  BFBD alleges they entered into two kinds of contracts with Distributors: (1) Distributor Agreements whereby Plaintiffs agreed to deliver bakery products for BFBD and, (2) Advertising Agreements whereby Plaintiffs wore clothing that advertises BFBD's products in exchange for a payment of $70/wk.  (*Id.* at ¶ 21.)  The Distributor Agreements have a provision stating that if any provision of the agreement is declared invalid by a court, the rest of the agreement remains in full effect. (Answer to Am. Compl. ¶ 11.9, ECF No. 52-2.)  In its counterclaims, BFBD alleges that the agreements are premised on Plaintiffs being independent contractors rather than employees.  BFBD seeks to recover funds received by Plaintiffs for the services they performed under the Advertising Agreements, and also asserts entitlement to the profits, $71,000.00, Plaintiff Schrufer made when he sold his "business," purportedly operated under his original Distribution Agreement.  (*Id.* at ¶ 13).

In the event that Plaintiffs are found to be employees, BFBD asserts counterclaims for unjust enrichment seeking to recover certains funds Plaintiffs received, such as the revenues generated by buying then selling BFBD products to their customers, the profits they generated from their sales of distribution rights, and the revenue generated from commercial advertising agreements with BFBD.  (*Id.* at ¶ 45).

## LEGAL STANDARD

"A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint."  *Radiancy, Inc. v. Viatek Consumer Prod. Grp., Inc.*, 138 F. Supp. 3d 303, 313 (S.D.N.Y. 2014).  On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the [counterclaim] "contain[s] sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A [counter]claim is facially plausible "when the [counterclaim] plaintiff pleads factual content that allows the court to draw the reasonable inference that the [counterclaim] defendant is liable for the misconduct alleged." *Id.*  At the dismissal stage, a counterclaim need not "contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level. *Purjes v. Plausteiner*, No. 15-CV-2515(VEC), 2016 WL 552959, at *7 (S.D.N.Y Feb. 10, 2016) (quoting *Keiler v. Harlequin Enters., Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014).  At this stage, dismissal is appropriate only [if the movant] can prove no set of facts…that would entitle [the non-movant] to relief. *Id.* (quoting *Meyer v. JinkoSolar Holdings Co., Ltd.*, 761 F.3d 245, 249 (2d. Cir. 2014)).  In evaluating a motion to dismiss, the Court must accept the well-pleaded allegations of the Complaint as true and draw all inferences in the non-moving party's favor.  *LaFaro v. Cardiothoracic Grp.,* 570 F.3d 471, 475 (2d Cir. 2009).  "Although for the purpose of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678.  Defendants are entitled at the pleadings stage to "state as many separate claims or defenses as they have, regardless of consistency."  Fed. R. Civ. P. 8(d)(3).

## DISCUSSION

### I.    Unjust Enrichment

Defendants allege that if Plaintiffs are deemed to be entitled to the benefits of employee status and simultaneously permitted to retain the earnings they received as a result of their independent contractor status, they will have been unjustly enriched at Defendants' expense.  To state a claim for unjust enrichment, the party asserting the claim must demonstrate: (1) the other

party was enriched, (2) at the expense of the party asserting the claim, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered. *Case Properties Servs., LLC v. Columbia Properties Phoenix, L.P.*, No. 17-CV-03110(NSR), 2018 WL 4440509, at *3 (S.D.N.Y. Sept. 17, 2018).  Under New York law, an unjust enrichment claim "is available only in unusual situations when, though the [counterclaim] defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the [counterclaim] defendant to the [counterclaim] plaintiff."  *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012).  Where a party asserting unjust enrichment "simply restates the elements of other claims" to support an allegation for unjust enrichment, that claim must be dismissed as duplicative.  *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 299 (S.D.N.Y. 2018).  While plaintiffs can ultimately recover on only one of two claims for breach of contract and unjust enrichment, "courts in this district have routinely allowed plaintiffs to advance past the pleading stage on an alternate theory of unjust enrichment."  *Dervan v. Gordian Grp. LLC*, 16-CV-1694(AJN), 2017 WL 819494, at *12 (S.D.N.Y. Feb. 28, 2017); *Next Commc'ns, Inc. v. Viber Media, Inc.*, 14-CV-8190, 2016 WL 1275659, at *8 (S.D.N.Y. Mar. 30, 2016).

Under New York law, the existence of a valid contract typically bars recovery based on the quasi-contract theory of unjust enrichment. *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448 (S.D.N.Y. 2016).  However, an unjust enrichment claim may survive a motion to dismiss where the [counterclaim] plaintiff challenges the contract's validity.  *Kottler v. Deutsche Bank AG*, 607 F. Supp. 2d 447, 468 (S.D.N.Y. 2009).  In New York, "[u]njust enrichment is an equitable claim that is unavailable where an adequate remedy at law exists."  *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N. V.*, 400 Fed. Appx. 611, 613 (2d Cir. 2010).  "Courts

generally dismiss claims for quantum meruit on the pleadings…when it is clear from the face of the complaint that there exists an express contract that clearly controls." *Knudsen v. Quebecor Printing (U.S.A.) Inc.,* 792 F. Supp. 234, 237 (S.D.N.Y. 1992). "In circumstances where 'the parties dispute whether there is an enforceable written contract at all…Rule 8(d)(2) of the Federal Rules of Civil Procedure permits a plaintiff to plead claims for breach of contract and, in the alternative, claims for…unjust enrichment.' " *ImagePoint, Inc. v. JPMorgan Chase Bank, Nat. Ass'n*, 27 F. Supp. 3d 494, 516 (S.D.N.Y. 2014) (citing *Phillips v. Reed Grp., Ltd.,* 955 F.Supp.2d 201, 243 (S.D.N.Y.2013). "However, where 'there is a valid and enforceable contract between the parties, and the subject matter of the unjust enrichment claim is covered by the contract' the unjust enrichment claim must be dismissed." *Id.* (citing *CBS Broad. Inc. v. Jones*, 460 F. Supp. 2d 500, 506 (S.D.N.Y. 2006)).

Plaintiffs argue that the unjust enrichment claim must be dismissed because BFBD recognizes there is a contract between the parties.  However, the Court does not find this argument compelling.  BFBD makes it clear that the claim for unjust enrichment is pleaded as an alternative, non-contract form of relief contingent on a finding by the Court that the Plaintiffs are in fact employees or finds that the Distribution and Advertising Agreements are void.  In Defendants' Memorandum of Law In Opposition to Plaintiffs' Motion to Dismiss Counterclaims (Def. Mem. Opp'n, ECF No. 83), BFBD states that they will be seeking summary judgment on contractor status.  (Def. Mem. Opp'n p. 1.)  It would be premature to dismiss the counterclaim at this stage of the proceedings before the court has decided the contractor status of the Plaintiffs or the validity of the contracts.  This case is similar to *Gao v. JP Morgan Chase & Co.*, No. 14-CV-4281, 2015 WL 3606308 (S.D.N.Y. June 9, 2015).  In *Gao*, the Court did not determine the

validity of a contract at the pleadings stage. Therefore, it denied a motion to dismiss an unjust enrichment claim because it would have been premature to dismiss that claim. *Id.* at 5.

Alternative and even inconsistent theories are generally permitted where the legal nature of the claimant's right to recover and its opponent's liability are contingent on facts or circumstances not yet know to the parties. *Stone v. Sutton View Capital, LLC*, No. 17-cv-1574 (VEC), 2017 WL 6311692, at *5 (S.D.N.Y. Dec. 8, 2017); *see also Fly Shoes s.r.l. v. Bettye Muller Designs Inc.*, No. 14-CV-10078(LLS), 2015 WL 4092392, at *6 (S.D.N.Y. July 6, 2015). If the Court finds the Plaintiffs are independent contractors, then this motion for unjust enrichment will be moot because BFBD will not be required to pay overtime to Plaintiffs under the contract because they are not employees. However, if the Court finds the Plaintiffs are employees, then the existing agreement governing the status of the Distributors will be rendered invalid. Therefore, a contract covering the subject matter of the unjust enrichment claim will no longer exists, and the claim will be properly pleaded. Regardless, the status of the Distributors is not known to the parties because the Court has yet to rule on that issue. BFBD contends that the motion to dismiss its counterclaim should be denied because the Court's anticipated decision regarding independent contractor status will impact the validity of the contracts through which Distributors received monetary benefits at BFBD's expense that would not have been available to them as employees; the Court agrees. This case is also similar to *Safe Step Walk In Tub Co. v. CKH Indus., Inc.*, No. 15-CV-7543(NSR), 2018 WL 4539656, at *6 (S.D.N.Y. Sept. 20, 2018). This Court in *Safe Step* held that Defendant could proceed under the quasi-contract theory of unjust enrichment in the alternative at the early stage of the proceeding until the ultimate viability of the contract claims could be determined on a complete factual record. *Safe Step*

*Walk in Tub Co. v. CKH Indus., Inc.*, 242 F. Supp. 3d 245, 267 (S.D.N.Y. 2017).  The Court has decided to do the same in this case.

The Plaintiffs argue that even if the provision of the contracts that govern the status of the Distributors is found to be void, the agreement states if any provision is declared invalid by a court, the rest of the agreement remains in full effect.  (Mem. In Supp. of Mot. to Dismiss p. 4, ECF No. 80.)  Therefore, even if the single "independent contractor" provision is declared invalid, there will still be a contract which would preclude an unjust enrichment claim.  The Court finds this argument unpersuasive.  The mere existence of the contract is not sufficient to warrant a dismissal of a claim, the contract must also cover the "subject matter" of the claim. *ImagePoint, Inc.*, 27 F. Supp. 3d at 516 (citing *CBS Broad. Inc.*, 460 F. Supp. 2d at 506 (S.D.N.Y. 2006)).  If the "independent contractor" provision is declared invalid, what remains of the agreement may not cover the subject matter of the unjust enrichment claim.

Plaintiffs also argue that the claim for unjust enrichment should be dismissed because "unjust enrichment…is unavailable where an adequate remedy exists at law." *Segovia v. Vitamin Shoppe, Inc.*, No 14-CV-7061(NSR), 2016 WL 8650462, at *9 (S.D.N.Y. Feb. 5, 2016). Plaintiffs argue that because BFBD is seeking the return of money from Distributors, then that is an adequate remedy that exists at law.  BFBD is seeking the return of monies under the theory of unjust enrichment.  If no bonding contract exist, without the unjust enrichment claim, BFBD would have no legal remedy at law. Therefore, the claim of unjust enrichment should be allowed to proceed beyond the pleadings stage.

Plaintiffs seek to rebut the argument that dismissing the claim would be premature and that the claim is contingent upon Plaintiffs being declared employees by stating that if Plaintiffs are declared employees, then there is no right to indemnification for BFBD for their own

violation of the FLSA and NYLL.  (Reply Mem. of Law in Further Supp. of Pls.' Mot. to

Dismiss Countercl. p. 2, ECF No. 82.)  Thus, Defendants cannot recover under any

circumstances and the contingent nature of their claims is irrelevant.  *Id.*; *Flores v. Mamma*

*Lombardis of Holbrook, Inc.*, 942 F. Supp. 2d 274, 278 (E.D.N.Y. 2013).  However, this

argument illustrates why dismissing the unjust enrichment claim would be premature.  The Court

has not yet ruled whether Distributors are "employees" or whether BFBD has violated the FLSA

and NYLL.  Until such time that a determination is made on the Plaintiffs' status, dismissal of

the unjust enrichment claim would be improper.

## II.     Voluntary Payment Doctrine

Plaintiffs assert that Defendants' counterclaim of unjust enrichment should be dismissed

on the basis that the alleged payments made were "voluntary payments."  The voluntary payment

doctrine bars recovery of payments voluntarily made with full knowledge of the facts in the

absence of fraud or mistake of material fact or law.  *DRMAK Realty LLC v. Progressive Credit*

*Union*, 133 A.D.3d 401, 403 (N.Y. App. Div. 2015).  The voluntary payment doctrine stems

from the policy that "[w]hen a party intends to resort to litigation in order to resist paying an

unjust demand, that party should take its position at the time of the demand and litigate the issue

before, rather than after, payment is made."  *Wurtz v. Rawlings Co., LLC*, No. 12-CV-

1182(JMA)(AKT), 2016 WL 7174674, at *5 (E.D.N.Y. Nov. 17, 2016).  New York has modified

the voluntary payment doctrine by statute, giving courts the discretion to allow recovery in

situations where a payment was made under mistake of law. *See* N.Y. C.P.L.R. 3005 (Consol.

2012) ("When relief against a mistake is sought in an action ... relief shall not be denied merely

because the mistake is one of law rather than one of fact.").  "At least one New York trial court

has recognized that recovery of payments made under a mistake of law is most appropriate

where a party made affirmative misrepresentations concerning the law and that 'resort to CPLR 3005 may be misplaced' in other circumstances." *Wurtz*, 2016 WL 7174674, at *5 (applying *Gonzalez v. Green*, 831 N.Y.S.2d 856, 861 (Sup. Ct. N.Y. Cnty. 2006)). Where mistake of law is the result of a defendant's misrepresentation, such mistake may be analogous to a mistake of fact and, therefore, may justify recovery of such payment pursuant to CPLR § 3005. *Wurtz*, 2016 WL 7174674.

Plaintiffs argue that the unjust enrichment claim fails because Defendants do not allege that they made any payment to Plaintiffs under a mistake of fact or law, and thus their claims are subject to the "voluntary payment doctrine." The Court is unpersuaded by this argument. The voluntary payment doctrine is generally considered to be an affirmative defense, and a plaintiff is "not required to preemptively plead facts refuting" such a defense. *Tardibuono-Quigley v. HSBC Mortg. Corp. (USA)*, No. 15-CV-6940(KMK), 2017 WL 1216925, at *19 (S.D.N.Y. Mar. 30, 2017) (citing *Spagnola v. Chubb Corp.*, 574 F.3d 64, 73 (2d. Cir. 2009)). Defendants herein are "not required to preemptively plead facts refuting the voluntary payment doctrine." *Spagnola*, 574 F.3d at 73 (2d. Cir. 2009) (citing *Abbas v. Dixon*, 480 F.3d 636, 640 (2d. Cir. 2007)) (not required to include facts in complaint in anticipation of affirmative defense). The pleading requirements in the Federal Rules of Civil Procedure do not compel a litigant to anticipate potential affirmative defenses and to affirmatively plead facts in avoidance of such defenses. *Abbas*, 480 F.3d at 640. Fed. R. Civ. P. § 8 merely requires that a plaintiff asserting a counterclaim provide a short and plain statement of the claim demonstrating that the pleader is entitled to relief. *Id*. Therefore, at this early stage in the pleadings, Defendants do not have to disprove the applicability of the voluntary payment doctrine, and the motion to dismiss should be denied.

9

Plaintiffs also argue that BFBD failed to allege any mistake of fact or law.  (Mem. In Supp. of Mot. to Dismiss p. 2).  The voluntary payment doctrine bars recovery of payments voluntarily made with full knowledge of the facts, in the absence of fraud or mistake of material fact or law.  *DRMAK Realty LLC*, 133 A.D.3d at 403.  "[M]istake means being in error in one's belief as to what the contract states*."  Cobalt Multifamily Inv'rs I, LLC v. Bridge Capital (USVI), LLC*, No. 06-CV-5738(KMW)(MHD), 2007 WL 2584926, at *9 (S.D.N.Y. Sept. 7, 2007) (quoting *AMEX Assurance Co. v. Caripides,* 316 F.3d 154, 161 (2d Cir. 2003)).  New York law permits reformation or rescission of a contract for mutual mistake.  *AMEX Assurance Co.*, 316 F.3d at 161.  A mutual mistake must be as to a fact, and not as to the legal consequences of the contract into which the parties are entering.  *Cobalt Multifamily Inv'rs I, LLC*, 2007 WL 2584926, at *9.  A party cannot invalidate a contract for its failure to understand "the legal consequences of the contract into which the parties are entering."  *Cobalt Multifamily Inv'rs I, LLC*, 2007 WL 2584926, at *9.

Defendants allege that they have adequately pleaded that the benefits Plaintiffs received were paid solely on the basis of Plaintiffs' misrepresentation of their contractor status, and the voluntary payment doctrine does not bar their claims at this stage; Defendants relied to their detriment on Plaintiffs' factual representations acknowledging their independent contractor status.  (Def. Mem. Opp'n p. 1-2).  Plaintiffs allege Defendants were aware of all the facts and received benefits they contracted for with Plaintiffs.  Defendants now claim that "*their*" misclassification of Plaintiffs, through non-negotiable contracts drafted by Defendants amounts to misrepresentation on the part of the Plaintiffs.  (Reply Mem. In Supp. Of Mot. to Dismiss p. 6).  Though Plaintiffs present may have presented a valid argument that Defendants may have to address in the future, given the early posture of the preceedings, the granting of the motion to

dismiss would be premature.  *Spagnola*, 574 F.3d at 73 (citing *Abbas*, 480 F.3d at 640).

Plaintiffs' remaining contentions similarly lack merit.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Dismiss is DENIED.  The Clerk of the

Court is respectfully directed to terminate the motion at ECF No. 79.


Dated: March 15, 2019                                        SO ORDERED:
      White Plains, NY

 

 

_____
NELSON S. ROMÁN
United States District Judge