UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| NICHOLAS FRANZE & GEORGE SCHRUFER, JR. on behalf of themselves and all other employees similarly situated, |
| Plaintiffs, |
| -against- |
| BIMBO FOODS BAKERIES DISTRIBUTION, LLC, F/K/A BIMBO FOODS BAKERIES DISTRIBUTION, INC., F/K/A GEORGE WESTON BAKERIES DISTRIBUTION, INC., |
| Defendants. |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/29/19

7:17-cv-03556(NSR)(JCM)
OPINION & ORDER

NELSON S. ROMÁN, District Court Judge

Plaintiffs Nicholas Franze and George Schrufer, Jr. bring this action, initiated on May 12, 2017, against Defendants Bimbo Goods Bakeries Distribution, LLC ("Bimbo"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and New York Labor Law ("NYLL"). On March 12, 2018, Plaintiffs filed a motion for conditional certification and judicial notice under the FLSA. (ECF No. 37,) They seek to conditionally certify a collective action on behalf of similarly situated distributors for Defendants ("Distributors") and requests the Court to authorize notice to be sent to potential class members. For the following reasons, Plaintiffs' motion is GRANTED in part and DENIED in part.

1

**BACKGROUND**

Plaintiffs bring this proposed collective and class action alleging that Defendants misclassified Plaintiffs and Distributors as independent contractors, exempt from the FLSA,[1] in order to avoid paying them overtime in violation of the FLSA and NYLL.

On June 22, 2018, Plaintiffs served a motion to dismiss Defendants' counterclaims against them and, on March 15, 2019, the Court issued an Opinion denying Plaintiffs' motion. (ECF No. 101.) The Court found that granting Plaintiffs' motion to dismiss Defendants' counterclaim for unjust enrichment would have been premature. (*Id.*) Defendants filed a motion for summary judgment on November 13, 2018, and that motion remains pending before this Court. (ECF No. 86.)

**LEGAL STANDARD**

The FLSA allows Plaintiffs to seek certification to proceed as a collective action, which would provide other "similarly situated" employees of Defendants with the opportunity to join the suit. 29 U.S.C. § 216(b). Under the FLSA, potential class members must affirmatively "opt-in" to be covered by the litigation. § 256(b). "[D]istrict courts 'have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 169 (1989)).

---

[1] Cases relating to whether plaintiffs are entitled to the protections of the FLSA or are exempt are known as FLSA exemption cases. *See Jacob v. Duane Reade, Inc*., No. 11-CV-0160(JPO), 2012 WL 260230, at *4 (S.D.N.Y. Jan. 27, 2012).

To determine whether to certify a collective class action, courts in the Second Circuit employ a two-step analysis. *Id.* at 555. First, "the district court permits a notice to be sent to potential opt-in plaintiffs if the named plaintiffs make a modest factual showing that they and others together were victims of a common policy or plan that violated the law." *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016) (citing *Myers*, 624 U.S. at 555)). It is the Plaintiff's burden to make this "modest factual showing," but the burden is minimal. *See Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007). Second, the district court determines whether the opt-in plaintiffs are similarly situated to the named plaintiffs so that the collective action may proceed. *Glatt*, 811 F. 3d at 540 (citing *Myers*, 624 U.S. at 555)). At the conditional certification stage, before discovery is complete, the "evidentiary standard is lenient," *Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F. Supp. 2d 334, 336 (W.D.N.Y. 2008), and the Court does not decide issues on the merits or resolve factual disputes. *Cohen v. Gerson Lehrman Grp., Inc.*, 686 F. Supp. 2d 317, 326 (S.D.N.Y. 2010).

## DISCUSSION

**I.  Modest factual showing and similarly situated**

Plaintiffs have met the minimal burden and made a modest factual showing that they and the Distributors were victims of an illegal common policy to misclassify Plaintiffs and Distributors as independent contractors in order to avoid paying them appropriately for overtime work.

In cases involving a FLSA exception, plaintiffs satisfy this modest requirement by "making some showing that 'there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions,' on which the criteria for many FLSA exemptions are based, who are classified as exempt pursuant to a common

3

policy or scheme." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008)). While a modest factual showing cannot be satisfied by unsupported assertions or conclusory allegations, it should "remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Id.*; *Jacob v. Duane Reade, Inc.*, No. 11-CV-0160(JPO), 2012 WL 260230, at *4 (S.D.N.Y. Jan. 27, 2012).

Plaintiffs have presented evidence that there are other employees, similarly situated in their job requirements and their pay provisions, who are classified as independent contractors and exempt from the FLSA pursuant to a common policy or scheme. Plaintiffs and other Distributors testified that as part of their employment, they had agreements ("Distributor Agreements") with Defendants. (Perlmutter Decl. in Supp. of Pls.' Mot. for Preliminary Certification ("Perlmutter Decl.") Ex. 1 ("Franze Decl.") ¶ 3, Ex. 2 ("Schrufer Decl.") ¶ 3, & Ex. 3 ("Bryon Decl.") ¶ 2, ECF No. 38); (Perlmutter Decl. Ex. 2 ("Paris Decl.") ¶ 2, ECF No. 63.) Under these agreements, Plaintiffs and Distributors were classified as independent contractors, and they testified that this was due to a company-wide policy.[2] (Perlmutter Decl. Exs. 6 & 7); *see* (Franze Decl. ¶ 17); (Schrufer Decl. ¶ 17); (Byron Decl. ¶ 16); (Paris Decl.¶ 1.) Moreover, Plaintiffs and Distributors testified that they are paid at a "piece rate," based on the amount of bakery products that Defendants' customers had sold. (Franze Decl. ¶ 3); (Schrufer Decl. ¶ 3); (Byron Decl. ¶ 2); (Paris Decl. ¶ 2.)

There is also evidence in the record that Plaintiffs and Distributors had similar job requirements. As Distributors, they pick up Defendants' products at the Defendants' warehouse

---

[2] Independent contractors are exempt from the FLSA's overtime requirements. *Magnoni v. Smith & Laquercia, LLP*, 661 F. Supp. 2d 412, 415 (S.D.N.Y. 2009).

4

and drive to Defendants' customers on pre-set routes to stock those customers with Defendants' products and remove stale products. (Franze Decl. ¶ 5); (Schrufer Decl. ¶ 5); (Byron Decl. ¶ 4); (Paris Decl. ¶ 3.) They typically spend five days delivering the product and two days removing the stale product. (Franze Decl. ¶ 5); (Schrufer Decl. ¶ 5); (Byron Decl. ¶ 4.) This results in Plaintiffs and Distributors working more than forty hours per week without overtime compensation. (Franze Decl. ¶¶ 9 – 10); (Schrufer Decl. ¶¶ 9 – 10); (Byron Decl. ¶¶ 8 – 9); (Paris Decl. ¶¶ 3 – 4.). The witnesses testified that they routinely worked over forty hours per week and that they were aware of other Distributors who regularly worked over forty hours per week and did not receive overtime compensation. (*Id.*)

Defendants argue that the Court should require Plaintiffs to meet a "modest plus" standard, under which the Court would look beyond the pleadings and affidavits submitted by Plaintiffs to consider all evidence. *See Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 482 (S.D.N.Y. 2016). However, Defendants neglect to note that the modest plus standard discussed in *Korenblum* is the exception rather than the rule. The court in *Korenblum* stated that "[b]y and large . . . district courts in this Circuit have expressly declined to apply any increased scrutiny until discovery closes in full." *Id.* at 481. "[T]he overwhelming case law in this Circuit clearly holds that 'a heightened standard is not appropriate during the first stage of the conditional certification process and should only be applied once the entirety of discovery has been *completed.*' " *Amador v. Morgan Stanley & Co. LLC*, No. 11-CV-4326(RJS), 2013 WL 494020, at *4 (S.D.N.Y. Feb. 7, 2013) (quoting *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 402 n.3 (S.D.N.Y. 2012), *vacated on other grounds*)); *see Griffin v. Aldi, Inc.*, No. 16-CV-345(LEK)(ATB), 2017 WL 1397320, at *2 (S.D.N.Y. Feb. 22, 2017). When parties submitted their evidence and briefing on Plaintiff's motion for conditional certification, discovery was not

5

yet complete. Therefore, the Court follows Second Circuit precedent and declines to provide increased scrutiny. *See Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 645 (S.D.N.Y. Dec. 13. 2010) (citing cases where even though substantial discovery had occurred, courts continued to apply the modest factual showing standard).

Plaintiffs have presented sufficient evidence to make a modest factual showing that they and Distributors are victims to a common policy to mischaracterize Distributors as independent contractors to deprive them of overtime compensation in violation of the FLSA and that Distributors and Plaintiffs are sufficiently similarly situated to proceed for the purposes of conditional class certification. The Court holds that Plaintiffs have met their low burden.

**II.     Notice**

Because the Court determined that Plaintiffs met the modest factual showing requirement and sufficiently demonstrated that Distributors and Plaintiffs are similarly situated, the Court permits notice to be sent to the potential opt-in plaintiffs. There is no specific guidance on the form that court authorized notices should take, but courts should consider the "overarching policies" of collective suits and should ensure that the putative plaintiffs receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 105 (S.D.N.Y. 2003).

Plaintiffs have submitted a proposed notice, revised to incorporate all of the changes requested by Defendants except Defendants' request for the three-year notice period.[3] (Pls.'

---

[3] Defendants requested to confer with Plaintiffs so that the parties could submit notice at a later date. However, Plaintiffs incorporated all but one of Defendants' requested changes, the request for a three-year notice period instead of six years. For reasons discussed *infra*, the Court determines that three years is the appropriate notice

Mem. of Law in Further Supp. of Pls.' Mot. for Conditional Certification and Judicial Notice ("Pls.' Reply") pp. 11 – 12, ECF No. 64.) After incorporating most of Defendants' suggestions, Plaintiffs ask that the Court authorize the notice to be disseminated to all individuals who worked as distributors or independent contractor route drivers for Defendants in New York during the six years prior to the date of the filing of the action. They also ask that notice be sent either by mail or by email. Accepting Defendants' request, Plaintiffs withdrew their requests for social security numbers or email addresses. Plaintiffs also agreed with Defendants to ask for one instead of two reminder notices.

There is a three-year statute of limitations for claims alleging willful violations of the FLSA's overtime protections. *Glass v. A.K. Allen Co., Inc.*, No. 10-CV-804(ADS)(ETB), 2010 WL 11632764, at *2 (E.D.N.Y. Oct. 21, 2010). Courts often set a notice period for three years before the filing of the complaint in FLSA cases. *Mongiove v. Nate's Corp.*, No. 15-CV-1024(NGG)(RML), 2016 WL 590460, at *6 (E.D.N.Y. Feb. 11, 2016) (determining that the notice period should be three years to match the longest statute of limitations period under the FLSA). Some courts in the Second Circuit have permitted six-year notice periods in conditionally certified FLSA collective actions which also involve NYLL claims. *See Ansoralli v. CVS Pharmacy, Inc.*, No. 16-CV-1506(CBA)(RER), 2017 WL 570767, at *3 (E.D.N.Y. Feb. 13, 2017); *Fernandez v. Sharp Mgmt. Corp.*, No. 16-CV-0551(JGK)(SN), 2016 WL 5940918, at *5 (S.D.N.Y. Oct. 13, 2016); *Moriera v. Sherwood Landscaping Inc.*, No. 13-CV-2640(JS)(AKT), 2014 WL 12539653, at *9 (E.D.N.Y. Mar. 31, 2014) ("[C]ourts regularly allow notice periods of up to six years where Plaintiffs allege both FLSA and NYLL violations.").

---

period. Accordingly, the Court finds that it is not necessary for parties to confer on an alternative notice and that allowing parties to confer would unnecessarily delay this action.

This is because there is a six-year statute of limitations for claims under the NYLL. *Perez v. De Domenico Pizza & Rest., Inc.*, 204 F. Supp. 3d 494, 495 (E.D.N.Y. 2016). However, the growing trend in this Circuit is, in order to promote judicial efficiency, to use a three year rather than a six-year notice period when the motion before the court seeks certification under the FLSA rather than under Federal Rules of Civil Procedure Rule 23 in connection with NYLL claims. *Uraga v. Amici 519 LLC*, No. 17-CV-3547(ALC), 2018 WL 3579850, at *6 (S.D.N.Y. July 25, 2018); *Sanchez v. El Rancho Sports Bar Corp.*, No. 13-CV-5119(RA), 2014 WL 1998236, at *4 (S.D.N.Y. May 13, 2014); *Alvarez v. IBM Rest. Inc.*, 839 F. Supp. 2d 580, 587 (E.D.N.Y. 2012). This is because, unless the Court has already considered Rule 23 certification on a plaintiff's NYLL claims, it is speculative whether the plaintiff can meet the Rule 23 standard. *Uraga*, 2018 WL 3579850, at * 6. While the Court notes that Plaintiffs state they plan to file a motion for Rule 23 certification, the Court has not yet considered that motion. (Pls.' Mem. of Law in Supp. of Pls.' Mot. for Conditional Certification & Judicial Notice p. 1 n.1, ECF No. 39.) Therefore, in order to avoid confusion and promote judicial efficiency, the court finds that a three-year notice period is appropriate.

The Court accepts Plaintiffs' proposed notice as modified to include a three-year notice period and authorizes the notice to be posted at the Newburgh, New York and New Paltz, New York facilities[4] and sent by mail to all individuals who worked as distributors or independent contractor route drivers for Defendants in New York during the three years prior to the date of the filing of the action. The Court further authorizes Plaintiffs to send one reminder notice by mail.

---

[4] The Court finds that posting at these facilities is appropriate because, based on Plaintiffs' pleadings, motion papers, and the evidence submitted, named Plaintiffs and relevant Distributors work out of the Newburgh, New York and New Paltz, New York warehouses. (Pls.' Reply p. 2 n. 1); (Paris Decl. ¶ 1.)

Within thirty days, Defendants shall produce the names and last known mailing addresses of all individuals who worked as distributors or independent contractor route drivers for Defendants in New York during the three years prior to the date of the initiation of the action.

**III.  Sanctions**

Defendants state that the Court is empowered to impose sanctions on Plaintiffs pursuant to 28 U.S.C. § 1927 or, alternatively, Federal Rules of Civil Procedure Rule 11(b). Defendants allege that Plaintiffs declarations are "replete with misrepresentations" and that Plaintiffs simply reused declarations from another proceeding. The decision of whether or not to impose sanctions under Rule 11 and § 1927 is committed to the discretion of the district court. Fed. R. Civ. P. 11(c); *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004); *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999). The Court determines that it is too early to determine whether sanctions are warranted and declines to impose sanctions at this time.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion is GRANTED in part and DENIED in part. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 37.

Dated: March 29, 2019　　　　　　　　　　　　　　SO ORDERED:
　　　　　White Plains, NY

　　　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge